**KERASOTES MISSOURI THEATRES, INC., a Missouri Corporation, and Clyde C. Costin, Plaintiffs,**

v.

**Willis CONNER, Individually and in his capacity as Mayor of Dexter, Missouri, James Teeters, Individually and in his capacity as Chief of Police of Dexter, Missouri, and Paul McGhee, Individually and in his capacity as City Attorney for Dexter, Missouri, Fredric Stephen Fish, Individually and in his capacity as a police officer for the City of Dexter, Missouri, and the City of Dexter, Missouri, Defendants.**

No. S78–0049C.

United States District Court, E. D. Missouri, Southeastern Division.

Sept. 18, 1978.

A. M. Spradling, III, Spradling & Spradling, Cape Girardeau, Mo., J. Steven Beckett, Reno, O'Byrne & Kepley, Champaign, Ill., for plaintiffs.

David E. Blanton, W. H. Winchester, III, Blanton, Rice, Sickal, Gilmore & Winchester, Sikeston, Mo., for defendants.

## MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon certain defendants' motions to dismiss, or in the alternative, for summary judgment. Plaintiffs brought this suit pursuant to 28 U.S.C. §§ 1331 and 1343, alleging violations of their constitutional rights. Plaintiff Kerasotes Missouri Theatres, Inc. is a Mis-souri corporation which owns and operates the Family Drive-In Theater in Dexter, Missouri. Plaintiff Clyde Costin is a resident of Dexter, Missouri and was a management employee of Kerasotes Missouri Theatres, Inc., working at the Family Drive-In. Defendant Willis Conner is the Mayor of Dexter, Missouri. Defendant James Teeters is the Chief of Police of Dexter. Defendant Paul McGhee is the City Attorney for Dexter. In response to the instant motion, plaintiffs filed, with leave of court, an amended complaint adding Fredric Stephen Fish, a police officer for Dexter, Missouri and the City of Dexter, Missouri as additional defendants.

Plaintiffs allege the following: On November 12, 1976, Kerasotes Theatres, Inc. was exhibiting a motion picture entitled "Pleasure Is My Business" at the Family Drive-In Theater. Defendant Fish advised plaintiff Costin on that date that the movie was obscene and in violation of an ordinance of the City of Dexter. Defendant Fish further advised plaintiff Costin to obtain a different movie for showing on the next night. On November 13, 1976, defendant Fish returned and asked if the same film would be shown. He was advised that it would be. Defendant Fish returned later that evening, during the showing of the film, shut down the theater in the middle of the film, and threatened to arrest plaintiff Costin. Defendants Conner, Teeters and McGhee then commenced a criminal prosecution against plaintiff Costin, alleging violation of the obscenity ordinance. The trial resulted in a conviction; upon appeal to the Circuit Court of Stoddard County, Missouri, however, the City of Dexter dismissed the cause without prejudice. Plaintiffs allege that defendants Conner and McGhee stated publicly that the prosecution was to prevent the exhibition of the film. Thus, plaintiffs allege that the prosecution was brought in bad faith. Plaintiffs allege that they fear further arrest and restraint. They allege that the obscenity ordinance is unconstitutional because it is vague, indefinite, uncertain, overbroad and constitutes a prior restraint in violation of the First and Four-

teenth Amendments. Plaintiffs pray for a declaratory judgment that defendants' conduct in shutting down the Family Drive-In Theater on November 13 and 14, 1976 was unconstitutional. Plaintiffs further seek a declaration that the obscenity ordinance is unconstitutional and a declaration that the movie, "Pleasure Is My Business" is protected material under the First Amendment. Plaintiffs additionally pray for injunctive relief, compensatory and punitive damages, attorney's fees and costs.

Moving defendants have supplied this Court with various affidavits. Defendant Conner, Mayor of Dexter, states that he was unaware of the controversy and of the action taken by defendant Fish until after the events had occurred. He neither directed the arrest of plaintiff Costin nor directed that the theater be closed.

Defendant Teeters, Chief of Police, states that defendant Fish contacted him on November 12, 1976 and that Teeters advised him to contact the City Attorney, defendant McGhee. Defendant Teeters further states that on November 13, 1976, he was contacted by defendant Fish who told him that Fish had told plaintiff Costin that the movie was in violation of the obscenity ordinance, that plaintiff Costin was to come to City Hall and make bond, and that a court date would be set. Defendant Teeters states that he did not advise or direct defendant Fish to make an arrest or close the theater.

Defendant McGhee states that he received a telephone call from defendant Fish on November 13, 1976 in which defendant Fish stated that he thought the film was in violation of the obscenity ordinance. Defendant McGhee told defendant Fish that a physical arrest and seizure of the film would not be necessary. He advised defendant Fish that if Fish felt the movie to be obscene, he could direct plaintiff Costin not to show the film and to post bond and receive a court date. Defendant McGhee did not direct the arrest nor order the theater closed.

Plaintiffs have not supplied this Court with any counter-affidavits.

It is the Court's conclusion that the motion of defendant McGhee must be granted. In *Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976), the Court stated that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983". Under the facts alleged by plaintiffs, and in view of the uncontroverted affidavits presented herein, it is clear that defendant McGhee was involved solely in his capacity as a prosecutor. The Court rejects plaintiffs' contention that defendant McGhee was acting in an investigatory or quasi-judicial role. The facts presented herein belie such an argument. Plaintiffs also contend that even if defendant McGhee were immune from monetary damages, he is not immune from a judgment involving declaratory and injunctive relief. The facts as pleaded and as presented in the affidavits, however, establish that defendant McGhee's sole role was to advise a police officer on a method of procedure and to prosecute the alleged violation of the ordinance. He did not direct that the arrest be made. He did not direct that the theater be shut down. He is not responsible for the ordinance involved herein. Accordingly, the Court concludes that there is insufficient personal involvement herein to sustain any equitable relief against defendant McGhee. See *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).

For similar reasons, the Court concludes that the motions of defendants Conner and Teeters must be granted. Defendant Conner was not aware of the incident until it had occurred. Defendant Teeters did no more than refer defendant Fish to the City Attorney, and receive a report from defendant Fish after the fact. There is simply no allegation to support any claim that either of these defendants were involved in the alleged deprivation of plaintiffs' constitutional rights. *Rizzo v. Goode, supra; cf., Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Accordingly, the motions will be granted.